IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| BIANCA WEBBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 126-153 |
| | ) | |
| LEE ANN BENNETT; ERIC KOMITEE; | ) | |
| EUGENE J. CORCORAN; LAURA | ) | |
| TAYLOR SWAIN; EDGARDO RAMOS; | ) | |
| ARUN SUBRAMANIAN; and EDWARD A. | ) | |
| FRIEDLAND, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned case *pro se* and has requested permission to proceed *in forma pauperis* ("IFP").  Having considered Plaintiff's IFP motion, the Court **GRANTS** the request to proceed IFP, for the purpose of dismissal only.  (Doc. no. 2.)

### I.    Screening the Complaint

#### A.    Background

Because Plaintiff is proceeding IFP, the complaint must be screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

Plaintiff alleges without any elaboration: "Defendant(s) campaigned for partisan offices, the court should issue a mandate."  (Doc. no. 1, p. 1.)

#### B.    Discussion

##### 1.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an

arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted

Plaintiff's allegations fail to state any facts that would give rise to jurisdiction or any type of claim. Plaintiff provides no details about any particular action taken by any particular

2

Defendant, let alone describe why any particular Defendant would be prohibited from campaigning for an un-identified office. The Eleventh Circuit has held that a district court properly dismisses a claim when the complaint fails to state any allegations that associate the defendant with the purported constitutional violation. See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamela Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) for the proposition that "[w]hile we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong"). Furthermore, Plaintiff does not describe any injury from the non-specific actions of any Defendant. Plaintiff also fails to describe the type of "mandate" she seeks or the basis of authority for this Court to issue any such non-specific mandate. Nor does Plaintiff provide any basis upon which federal jurisdiction exists.

Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction. Goodman *ex rel*. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). However, even if there were federal jurisdiction, as the complaint simply "tenders 'naked assertions' devoid of 'further factual enhancement,'" it fails to state a claim for relief. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557).

## II. Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's case be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of August, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3